Filed 8/5/25  Doe v. Johnson CA4/3

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JANE DOE, | G063220 |
| Plaintiff and Appellant, | (Super. Ct. No. 30-2022- 01270433) |
| v. | |
| BRENNA JOHNSON et al., | ORDER MODIFYING OPINION, DENYING PETITION FOR REHEARING, AND DENYING REQUEST FOR PUBLICATION; NO CHANGE IN JUDGMENT |
| Defendants and Respondents. | |

This court hereby orders that the opinion filed on July 7, 2025, be modified as follows:

1. On page 15, first complete paragraph, delete last complete sentence, and replace with the following sentence:  "Plaintiff has not shown this finding was erroneous, and disclosing information based on personal observation is not illegal."

2. On page 15, first complete paragraph, add the following footnote to the end of the above added sentence:

Plaintiff argues the employees combined information from the report and information obtained from the mother. But plaintiff did not attempt to

identify which information came solely from the report, if any. She has not met her burden of demonstrating illegal conduct. (*Zucchet v. Galardi, supra,* 229 Cal.App.4th at p. 1479; *Cahill v. San Diego Gas & Electric Co., supra,* 194 Cal.App.4th at p. 956.)

3. On page 20, first incomplete paragraph, last sentence, add the following footnote:

In her petition for rehearing, plaintiff argues she alleged tort *and* constitutional privacy claims. She contends her constitutional privacy claim is more similar to equitable claims than tort claims and, as such, is not barred by the litigation privilege. But plaintiff did not make this argument in her briefs or during the hearing. She only argued the litigation privilege did not apply to injunctive relief generally. She never distinguished between her privacy claims, let alone argue that her constitutional privacy claim was distinct from her tort privacy claim for purposes of the litigation privilege. Nor did she argue that a constitutional privacy claim is similar to an equitable claim. "Arguments cannot be raised for the first time in a petition for rehearing." (*Pacific Bell Wireless, LLC v. Public Utilities Com.* (2006) 140 Cal.App.4th 718, 746.) Thus, we do not consider this argument.

The petition for rehearing is DENIED.

The request for publication is DENIED.

These modifications do not change the judgment.

MOORE, ACTING P. J.

WE CONCUR:

SANCHEZ, J.

DELANEY, J.

3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>BRENNA JOHNSON et al.,<br><br>    Defendants and Respondents. | G063220<br><br>(Super. Ct. No. 30-2022-01270433)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Walter P. Schwarm, Judge. Affirmed.

Colantuono, Highsmith & Whatley, Michael G. Colantuono, Matthew C. Slentz and Julia W. Cohene for Plaintiff and Appellant.

Bordin Semmer and Andrei V. Serpik for Defendants and Respondents.

\*        \*        \*

This is an atypical anti-SLAPP motion.[1] Over a decade ago, plaintiff Jane Doe (plaintiff) was the victim of child abuse perpetrated by her mother (the mother) and the mother's boyfriend (the incident). Orange County Social Services Agency investigated the incident and prepared an accompanying report (the report). After the incident, several employees (the employees) of a company owned by the mother filed employment lawsuits against her (the employee lawsuits). Among other things, the employees alleged harassment claims against the mother, claiming she had forced them into discussions about the incident while they were employed.

Plaintiff learned about the employee lawsuits against the mother years after they were filed. She also discovered that confidential information about her and the incident had been alleged in the employees' complaints, that the report had been produced in discovery, and that details about the incident had been raised in depositions. Plaintiff then filed this lawsuit against the employees and their attorneys (the attorney defendants) for violating her privacy. In response, the attorney defendants filed an anti-SLAPP motion under Code of Civil Procedure section 425.16 (the anti-SLAPP statute), which the trial court granted. Plaintiff appeals this ruling.

While we sympathize with plaintiff for having her private details disclosed in the employee lawsuits, we find no error in the trial court's order. The attorney defendants' conduct was performed in connection with a judicial proceeding and was protected under the anti-SLAPP statute. While plaintiff argues their conduct was illegal and unprotected (see *Flatley v. Mauro* (2006) 39 Cal.4th 299, 305 (*Flatley*)), she has not conclusively shown they engaged

---

[1] SLAPP stands for "'strategic lawsuits against public participation.'" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 85.)

in any criminal conduct as a matter of law. As to the merits of her lawsuit, plaintiff has not shown any error in the court's finding that her claims are barred by the litigation privilege.

For the above reasons, we affirm the trial court's order granting attorney defendants' anti-SLAPP motion. But our ruling does not mean we find attorney defendants blameless. We remind them to take measures to protect plaintiff's confidentiality in the employee lawsuits, some of which are still ongoing. (See Cal. Const., art. I, § 28, subd. (b)(4) [right of crime victims to prevent disclosure of confidential information that could be used to locate or harass them]; *Alch v. Superior Court* (2008) 165 Cal.App.4th 1412, 1422-1423 [private information of a third party may be disclosed after giving the third party a chance to object]; *County of Los Angeles v. Superior Court* (2021) 65 Cal.App.5th 621, 635-636 [litigants may object to discovery based on the privacy rights of third parties].) We also remind them of the confidentiality concerns surrounding juvenile records like the report. (Welf. & Inst. Code, § 827.)

FACTS AND PROCEDURAL HISTORY

The incident occurred about 15 years ago. The mother and her boyfriend were arrested and charged with various felony offenses.[2] Orange County Social Services Agency investigated the incident and filed a juvenile dependency petition concerning plaintiff. It also prepared the report, which summarized its investigation and contained private details about plaintiff and the incident. Plaintiff's claims in this lawsuit arise from the alleged theft

---

[2] The mother was later convicted of a felony, but it is unclear what happened with her boyfriend's case.

3

of the report and the purported dissemination of its information by the employees and attorney defendants.

The mother co-owned a company (the company). Years after the incident, several of the company's former employees (defined above as the employees)–R.D., K.I., P.G., and L.A.–filed three separate lawsuits against the mother and the company (defined above as the employee lawsuits). R.D. filed suit in 2014 (the 2014 lawsuit), K.I. filed in 2019 (the 2019 lawsuit), and P.G. and L.A. filed their case in 2020 (the 2020 lawsuit). The 2019 and 2020 lawsuits were still pending when the trial court heard the underlying anti-SLAPP motion. It is unclear how the 2014 lawsuit was resolved.

R.D. was represented in the 2014 lawsuit by defendants Brenna Johnson and her law firm, defendant Johnson Employment Law (collectively, Johnson). The other employees are also represented by Johnson in the 2019 and 2020 lawsuits. Defendant Virginia Ksadzhikyan, who is employed by defendant B/B Law Group LLP (collectively, Ksadzhikyan), represents P.G. and K.I and is co-counsel with Johnson in the 2019 and 2020 lawsuits.

In the employee lawsuits, the complaints filed by the employees (the employee complaints) all alleged various torts against the mother and the company, including harassment-based causes of action. Of relevance here, the employee complaints all alleged the mother discussed details about the incident and her resulting criminal case at work. In describing these statements, the employee complaints contained graphic allegations about the incident and identified the victim as "[the mother's] daughter" (they did not disclose plaintiff's name).

In August 2021, when plaintiff was no longer a minor, she learned about the employee lawsuits and the allegations about her in the employee complaints. She then filed this lawsuit against Johnson and

4

Ksadzhikyan (defined above as the attorney defendants), the employees, and several witnesses who had been deposed during the employee lawsuits.

Plaintiff alleged that R.D. and P.G. had stolen a copy of the report from a briefcase at the company's office in 2013, while they were still employees. They allegedly read the report, discussed it with others, and gave copies of it to other employees and Johnson. Plaintiff claimed the attorney defendants had misused the report in three different ways during the employee lawsuits. First, during the 2014 lawsuit, Johnson produced copies of the stolen report in discovery. Second, the attorney defendants included private details from the report in the employee complaints filed in the 2019 and 2020 lawsuits. Third, the attorney defendants asked questions concerning the report during depositions in the 2019 lawsuit.

Based on the above allegations, plaintiff set forth claims against the attorney defendants for (1) invasion of privacy under the California Constitution, (2) intrusion on private facts, (3) public disclosure of private facts, (4) conspiracy to commit publication of private facts, (5) intentional infliction of emotional distress, and (6) abuse of process. Plaintiff sought damages on all claims and injunctive relief as to her claims for constitutional invasion of privacy and public disclosure of private fact.

The attorney defendants filed an anti-SLAPP motion in response (the anti-SLAPP motion). They argued their alleged conduct was protected by the anti-SLAPP statute because it involved statements or writings made in connection with a judicial proceeding. They also asserted plaintiff's claims were all barred by the litigation privilege and, therefore, she could not show a probability of prevailing on the merits.

Plaintiff's opposition contended the anti-SLAPP statute did not apply because the attorney defendants' disclosure of her private information

5

was illegal as a matter of law. (See *Flatley*, *supra*, 39 Cal.4th at p. 305.) Primarily, she argued the attorney defendants had violated Welfare and Institutions Code section 827, subdivision (a)(1)(Q) by not following its prescribed procedures before disclosing information from the report. However, she also asserted in passing that the attorney defendants had violated Penal Code sections 496 (receipt of stolen property) and 11167.5 (confidentiality of certain juvenile reports).[3] Plaintiff likewise argued that the litigation privilege did not "shield [attorney defendants] from liability from obtaining, reading, and disseminating the [report], and the information in the [report] without following the specific procedures in [Welfare and Institutions Code] § 827."

The trial court granted the anti-SLAPP motion. It found attorney defendants' alleged conduct was protected activity under the anti-SLAPP statute. As to plaintiff's illegality argument, the court found the evidence was inconclusive as to whether attorney defendants had engaged in illegal conduct as a matter of law. For Ksadzhikyan, "the evidence [did] not support that [she] possessed the [report]." For Johnson, the evidence did not show she had disseminated the report's contents. Rather, the statements at issue "pertain[ed] to a plaintiff's or a witness' personal observations of [the mother's] statements or conduct." Although the subject matter of these statements "may have overlapped with the subject matter of the [report], the [employee] Complaints allege that [the mother] was the alleged source of the subject matter described in those [employee] Complaints." Further, as to the deposition statements, the court noted that the attorney defendants "did not

---

[3] All further undesignated statutory references are to the Penal Code.

6

ask questions relating to the [report]." Rather, it was the company's and the mother's attorneys that "conducted questioning about the [report]."

The trial court then explained, "[a]lleging statements from a source other than the [report] in the context of complaints relating to a hostile work environment is not illegal. Participating in depositions pertaining to the statements and conduct occurring in the workplace is not illegal." Moreover, "the evidence [was] inconclusive as to whether [Johnson] knew that the [report] was stolen as alleged in [plaintiff's] Complaint."

Next, the court found plaintiff had not established a probability of prevailing on the merits. It concluded her claims were barred by the litigation privilege because the alleged conduct involved communications made in the course of judicial proceedings.

On appeal, plaintiff argues the trial court's order granting the anti-SLAPP motion is erroneous for three reasons. First, the anti-SLAPP statute does not apply because the attorney defendants' conduct was illegal under section 11167.5 of the Child Abuse and Neglect Reporting Act (CANRA). Second, even if the anti-SLAPP statute protects attorney defendants' conduct, the litigation privilege does not apply to violations of section 11167.5. Third, the litigation privilege does not apply to claims seeking injunctive relief. We are not persuaded by any of these arguments.[4]

---

[4] Plaintiff's complaint asserted claims against Joshua Silverman, a former employee of the company. Silverman filed a separate anti-SLAPP motion that the trial court granted. Plaintiff appealed the order granting Silverman's motion. She later moved to dismiss this appeal, which we granted. Since this portion of plaintiff's appeal has been dismissed, we do not discuss Silverman's anti-SLAPP motion or plaintiff's request to augment the record to allow its inclusion.

DISCUSSION

I.

<span style="font-variant: small-caps;">THE PENDING MOTIONS</span>

Before discussing the merits of this case, we first address plaintiff's outstanding motions and requests for judicial notice. Plaintiff seeks judicial notice of certain documents that were not included in the clerk's transcript (the extra-record documents) but relate to her claims: (1) a declaration the mother's counsel filed in the 2019 lawsuit that includes a copy of the report (there are no copies of the report in the current record), and (2) unredacted excerpts from the employee complaints that contain allegations concerning plaintiff (the record only contains redacted copies of these documents). Plaintiff also moved to augment the record with the extra-record documents.

As to the motion to augment, "'[a]ugmentation does not function to supplement the record with materials not before the trial court. [Citations.] . . . Rather, normally "when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered."'" (*Lewis v. YouTube, LLC* (2015) 244 Cal.App.4th 118, 123.) Plaintiff has not sufficiently shown the extra-record documents were before the trial court, so we deny the motion to augment. (See *ibid.*) Instead, we will take judicial notice of these documents. (Evid. Code, § 452, subd. (d); *Sebago, Inc. v. City of Alameda* (1989) 211 Cal.App.3d 1372, 1380.)

Plaintiff's remaining motions seek to seal unredacted copies of (1) her opening and reply briefs, (2) the extra-record documents, and (3) her motions to seal. Attorney defendants likewise moved to file an unredacted copy of their respondent's brief under seal. We grant all these motions. The

8

relevant documents meet the criteria set forth in California Rules of Court, rules 8.46 and 2.550(d). Specifically, these documents contain sensitive details concerning the incident. Plaintiff has a privacy interest in these documents that outweighs the public's right to access them, and this privacy interest will be overridden if these documents are not sealed. Since redacted copies of these documents have been publicly filed, the proposed sealing is narrowly tailored, and there are no less restrictive means to protect plaintiff's privacy rights. (See Cal. Rules of Court, rule 2.550(d).)

At the end of this appeal when the remittitur has been issued, all parties to the appeal and their attorneys are ordered to destroy or return to plaintiff's counsel any copies of the sealed documents in their possession.

## II.

### THE ANTI-SLAPP MOTION

*A. Background Law*

"[T]he anti-SLAPP statute is designed to protect defendants from meritless lawsuits that might chill the exercise of their rights to speak and petition on matters of public concern." (*Neurelis, Inc. v. Aquestive Therapeutics, Inc.* (2021) 71 Cal.App.5th 769, 783.)

"Anti-SLAPP motions are reviewed through a two-step process. 'First, the court must determine "whether the defendant has made a threshold showing that the challenged cause of action" arises from an act in furtherance of the right of petition or free speech in connection with a public issue. [Citation.] Second, the court must "determine whether the plaintiff has demonstrated a probability of prevailing on the claim." [Citation.] If the defendant makes a threshold showing that the cause of action arises from an act in furtherance of the right of petition or free speech in connection with a public issue and the plaintiff fails to demonstrate a probability of prevailing,

9

then the court must strike the cause of action.'" (*Bonni v. St. Joseph Health System* (2022) 83 Cal.App.5th 288, 298.)

Orders granting or denying anti-SLAPP motions are reviewed de novo. (*Flatley*, *supra*, 39 Cal.4th at pp. 325-326.) "'We consider "the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based." [Citation.] However, we neither "weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law."'" (*Id*. at p. 326.) In our review, we presume the trial court's order is correct, and plaintiff has the burden of affirmatively showing error. (*Billauer v. Escobar-Eck* (2023) 88 Cal.App.5th 953, 969.)

## B. First Prong—Protected Activity

Plaintiff does not contest the trial court's finding that her claims against attorney defendants are based on communicative conduct made in the course of litigation. (Code Civ. Proc., § 425.16, subds. (e)(1) & (e)(2); *JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1521 [filing a complaint is protected activity].) Rather, she argues the anti-SLAPP statute does not apply because attorney defendants engaged in illegal conduct.

The anti-SLAPP statute "cannot be invoked by a defendant whose assertedly protected activity is illegal as a matter of law and, for that reason, not protected by constitutional guarantees of free speech and petition." (*Flatley*, *supra*, 39 Cal.4th at p. 317.) This exception only applies to criminal conduct. (*Collier v. Harris* (2015) 240 Cal.App.4th 41, 54–55.) And the criminal conduct must be either *conceded* by the defendant or *conclusively established*. (*Zucchet v. Galardi* (2014) 229 Cal.App.4th 1466, 1478–1479.) "Our Supreme Court has emphasized that the exception for illegal activity is

10

very narrow and applies only in *undisputed cases* of illegality." (*Id.* at p. 1478, italics added.) Plaintiff has not met this high burden.

   1. *Section 11167.5*

Plaintiff contends the illegality exception applies because attorney defendants violated section 11167.5. This statute provides, "[t]he reports required by Sections 11166 and 11166.2, or authorized by Section 11166.05, and child abuse or neglect investigative reports that result in a summary report being filed with the Department of Justice pursuant to subdivision (a) of Section 11169 [(covered reports)] shall be confidential and may be disclosed only as provided in subdivision (b). Any violation of the confidentiality provided by this article is a misdemeanor punishable by imprisonment in a county jail not to exceed six months, by a fine of five hundred dollars ($500), or by both that imprisonment and fine." (§ 11167.5, subd. (a).) Section 11167.5, subdivision (b) identifies the persons authorized to receive covered reports. We use the term "unauthorized persons" to refer to people that are not listed in subdivision (b).

Plaintiff contends the report is a covered report and that attorney defendants violated section 11167.5, subdivision (a) by disclosing its information to unauthorized persons: (1) Johnson disclosed the report in discovery; (2) attorney defendants disclosed details from the report in the publicly filed employee complaints; and (3) attorney defendants asked questions about the report in depositions.

The attorney defendants do not concede any illegal conduct. Among other things, they contend the report is not a covered report because it is missing certain information, so section 11167.5, subdivision (a) is inapplicable. (Citing §§ 11167, 11167.5; *Doe v. Manhattan Beach Unified Sch. Dist.,* (C.D.Cal. Oct. 20, 2020, No. CV19–06962–DDP(RAOX)) 2020 WL

11

11271845, at pp. \*3–\*4.) We need not address this argument. As we explain next, even if the report is a covered report, plaintiff has not met her burden of conclusively showing that attorney defendants violated section 11167.5, subdivision (a).

### 2. *Production of the Report in Discovery*

As to Johnson's production of the report in discovery during the 2014 lawsuit, plaintiff has not shown such an act is criminal under section 11167.5. Criminal statutes are narrowly construed. (*Hale v. Morgan* (1978) 22 Cal.3d 388, 405.) Thus, it is unclear whether production of the report in discovery would subject a person to criminal liability. Plaintiff does not address this issue. Nor has she provided any analysis of section 11167.5 or its legislative history showing the Legislature intended the statute to have such an expansive interpretation. And we cannot assume such a broad interpretation of this statute. (*Hale*, at p. 405.) Thus, plaintiff has not met her burden of conclusively showing defendant's production of the report in discovery was criminal as a matter of law. (*Billauer v. Escobar-Eck*, *supra*, 88 Cal.App.5th at p. 969; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [appellant must support positions with reasoned argument].)

Further, while we do not decide the issue, such conduct does not appear to be criminal given the narrow interpretation of criminal statutes. (*Hale v. Morgan, supra*, 22 Cal.3d at p. 405.) Privacy rights in other contexts must be balanced against a litigant's discovery rights. As our Supreme Court said in the context of the constitutional right to privacy, "'[o]n occasion [a party's] privacy interests may have to give way to [the] opponent's right to a fair trial. Thus, courts must balance the right of civil litigants to discover

12

relevant facts against the privacy interests of persons subject to discovery.'" (*John B. v. Superior Court* (2006) 38 Cal.4th 1177, 1199.)

While state courts have not addressed whether covered reports can ever be produced in discovery without violating section 11167.5, the issue has arisen in federal courts. In one such case, the defendant subpoenaed investigation records from the San Bernardino County of Children and Family Services (CFS). (*Shinedling v. Sunbeam Products Inc.* (C.D.Cal., Mar. 4, 2014, No. ED CV12–438–CJC(SPX)) 2014 WL 12600964, at p. *1 (*Shinedling*).) CFS objected to the subpoena on grounds the requested records were confidential under section 11167.5, among other statutes. (*Id.* at pp. *1 & *3.) The defendant then moved to compel CFS to produce the records. (*Id.* at p. *2.) In evaluating this motion, the district court noted that under California law, "[w]here communications are 'tendered under a guaranty of confidentiality,' they fall 'manifestly within the [California] Constitution's protected area of privacy.' [Citations.] 'The right to privacy is not absolute, but it may be abridged only where there is a compelling and opposing state interest.' [Citation.] 'One such compelling public need lies in facilitating the ascertainment of truth in connection with legal claims.'" (*Id.* at p. *4.) The court then conducted a balancing test and denied the motion to compel after finding the confidentiality concerns outweighed the defendant's need for discovery. (*Id.* at pp. *4–*5.) Based on its analysis, *Shinedling* provides some support for the proposition that covered reports may be disclosed in discovery without violating section 11167.5.

We also note that certain provisions of the Welfare and Institutions Code indicate that criminal liability under section 11167.5, subdivision (a), is not as expansive as plaintiff suggests. For example, Welfare and Institutions Code section 827 contains rules governing the

13

inspection of "juvenile case files," some of which contain covered reports. (See Welf. & Inst. Code, § 827, subd. (e) [defining "'juvenile case file'"][5]; *In re Elijah S.* (2005) 125 Cal.App.4th 1532, 1551–1552 [the definition of "'juvenile case files'" necessarily includes investigative reports of abuse by social workers and child protective investigators].) Yet a "juvenile case file" may be inspected under certain conditions by persons not identified in section 11167.5, subdivision (b). For instance, a "juvenile case file" may be inspected by "[a]ny . . . person who may be designated by court order of the judge of the juvenile court upon filing a petition." (Welf. & Inst. Code, § 827, subd. (a)(1)(Q); *In re Elijah S.*, at pp. 1541–1542.) "A juvenile court has broad and exclusive authority to determine whether, and to what extent, to grant access to confidential juvenile records." (*R.S. v. Superior Court* (2009) 172 Cal.App.4th 1049, 1055.) Though plaintiff relied heavily on Welfare and Institutions Code section 827 in the lower court, she does not discuss the interplay between it and section 11167.5 in her appellate briefs.

Here, while the record shows the report was produced in discovery in the 2014 lawsuit, the circumstances of its production are unclear. We do not know if there was a court order allowing for disclosure of the report. Nor do we know whether it was produced subject to a protective order, or whether Johnson took any steps to maintain the report's

---

[5] "[A] 'juvenile case file' means a petition filed in a juvenile court proceeding, reports of the probation officer, and all other records, including any writing as defined in Section 250 of the Evidence Code, or electronically stored information relating to the minor, that is filed in that case or made available to the probation officer in making the probation officer's report, or to the judge, referee, or other hearing officer, and thereafter retained by the probation officer, judge, referee, or other hearing officer." (Welf. & Inst. Code, § 827, subd. (e).)

14

confidentiality that might have precluded potential criminal liability under section 11167.5. (Cf. *Shinedling*, *supra*, WL 12600964, at pp. *3–*5.) For these reasons, plaintiff has not shown that attorney defendants conclusively engaged in criminal conduct by producing the report in discovery.

### 3. *Use of the Report's Details in the Employee Lawsuits*

Next, plaintiff contends attorney defendants violated section 11167.5, subdivision (a) by using details from the report in the employee complaints and by asking questions about the report in depositions.[6] However, the trial court found "[t]he allegations [from the employees' complaints] and deposition testimony pertain to a plaintiff's or a witness' *personal observations* of [the mother's] statements or conduct." (Italics added.) Plaintiff has not argued this finding was erroneous, and disclosing information based on personal observation is not illegal. (See *People v. Espinoza* (2002) 95 Cal.App.4th 1287, 1314–1315 [proposed testimony did not violate Welfare and Institutions Code section 827 if it was based on personal observation rather than juvenile case file].)

Further, as to the deposition questions, the court found attorney defendants "did not ask questions relating to the [report]." Plaintiff has not shown any error in this finding. Indeed, the deposition testimony she cites consists of questions that attorney defendants asked deponents about the mother's statements at work concerning the incident, not the report.

---

[6] The parties dispute whether Ksadzhikyan ever possessed the report. Plaintiff contends we should presume this fact since Ksadzhikyan is co-counsel with Johnson in the 2019 and 2020 lawsuits. Attorney defendants disagree. This dispute is immaterial to our analysis, so we will not address the issue.

15

As to the allegations in the employee complaints, the trial court concluded, "[a]lthough the subject matter of the alleged statements and conduct may have overlapped with the subject matter of the [report], the [employee] Complaints allege that [the mother] was the alleged source of the subject matter described in those Complaints. Specifically, those Complaints allege that [the mother] disseminated the subject matter alleged in those Complaints." Plaintiff does not contest this finding. Rather, she argues that attorney defendants "cannot be allowed to launder confidential information in this way. It would defeat CANRA's purpose if disclosing information from a confidential report could be immunized by a simple, disputed allegation the information was also obtained in part from other sources."

We are not persuaded. Attorney defendants did not violate section 11167.5 if these allegations were based on the employees' personal observations of the mother's statement. (See *People v. Espinoza*, *supra*, 95 Cal.App.4th at pp. 1314–1315.) To apply the illegality exception, plaintiff must conclusively show at least some of the allegations in the employee complaints were derived solely from the report. (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 424 [the evidence must "conclusively demonstrate" the illegal conduct].) She has not done so. Based on the current record, it is unclear if any of the disputed allegations originate solely from the report.

C. *Second Prong—Probability of Prevailing on the Merits*

The trial court found plaintiff had not shown a probability of prevailing on the merits because her claims were barred by the litigation privilege. Plaintiff has shown no error in this ruling.

Codified in Civil Code section 47, the litigation privilege precludes a defendant's liability on nearly all tort claims. (*Timothy W. v. Julie W.* (2022) 85 Cal.App.5th 648, 661–662.) It exists ""to afford litigants

16

and witnesses [citation] the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions.""" (*Id*. at p. 662.) It is also meant ""to encourage open channels of communication and zealous advocacy, to promote complete and truthful testimony, to give finality to judgments, and to avoid unending litigation.""" (*Ibid*.) "[T]he privilege is absolute and precludes recovery on all tort theories, including claims for invasion of privacy." (*Wise v. Thrifty Payless, Inc.* (2000) 83 Cal.App.4th 1296, 1302–1303.) Claims for malicious prosecution are the only recognized exception to the privilege. (*Timothy W. v. Julie W.*, at pp. 661–662.)

The litigation privilege ""applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action.""" (*Timothy W. v. Julie W.*, *supra*, (2022) 85 Cal.App.5th at pp. 661–662.) It is ""broadly applied and doubts are resolved in its favor.""" (*Bonni v. St. Joseph Health System*, *supra*, 83 Cal.App.5th at p. 300.)

### 1. *Specific Statute Exception*

It is undisputed that attorney defendants' alleged conduct meets the above elements. Plaintiff relies on an exception in "which courts have refused to apply the [litigation] privilege when its general provisions conflict with a specific statute. Under this line of cases, application of the litigation privilege has been deemed inappropriate where the specific statute 'would be significantly or wholly inoperable if its enforcement were barred when in conflict with the privilege.'" (*McNair v. City and County of San Francisco* (2016) 5 Cal.App.5th 1154, 1164.) Plaintiff contends application of the litigation privilege here would render section 11167.5 significantly inoperable. We need not discuss the merits of this argument because plaintiff

17

has not asserted any claim against attorney defendants under section 11167.5.

In all the cases plaintiff cites that discuss this exception, the relevant plaintiffs sought to vindicate rights under the statute that allegedly conflicted with the litigation privilege. (*People ex rel. Alzayat v. Hebb* (2017) 18 Cal.App.5th 801, 807–808 (*Hebb*) [qui tam claim against the defendants under the Insurance Frauds Prevention Act]; *McNair v. City and County of San Francisco* (2016) 5 Cal.App.5th 1154, 1160, 1168 (*McNair*) [claims based on violations of the California Confidentiality of Medical Information Act]; *Begier v. Strom* (1996) 46 Cal.App.4th 877, 880–881, 883–884 [seeking damages allowed by section 11172, subdivision (a)].)

Here, plaintiff's complaint did not seek to vindicate any right under section 11167.5. In fact, it did not mention section 11167.5 at all, let alone allege any violation of the statute. Rather, her complaint only alleged violations of (1) Welfare and Institutions Code sections 827, 827.12, and 828, (2) California Rules of Court, rule 5.552, (3) "'Marsy's Law' and the 'Victim's Bill of Rights,'" and (4) the constitutional right to privacy. Thus, this case is distinct from *Hebb* and *McNair*, where the plaintiffs argued the litigation privilege did not apply to the statutes that formed the bases of their claims. (*Hebb*, *supra*, 18 Cal.App.5th at pp. 807–808; *McNair*, *supra*, 5 Cal.App.5th at pp. 1160, 1168.) Nor does plaintiff argue that section 11167.5 authorizes civil claims for damages as was the case in *Begier v. Strom*, *supra*, 46 Cal.App.4th at pp. 883–884. Because plaintiff's complaint does not seek to vindicate any right under section 11167.5, she has not shown the exception applies here.

18

## 2. *Injunctive Relief*

Finally, plaintiff contends the litigation privilege does not apply to her claims for constitutional invasion of privacy and public disclosure of private fact because they sought injunctive relief. She cites case law stating, "the litigation privilege does not provide a defense to a cause of action that, by its nature, does not seek to impose *tort liability for damages* on a defendant based on his or her litigation related publications." (*Weeden v. Hoffman* (2021) 70 Cal.App.5th 269, 289 (*Weeden*).)

*Weeden* is inapposite. It found the litigation privilege did not apply to claims for quiet title and cancellation of an instrument because they were not tort claims. (*Weeden, supra*, 70 Cal.App.5th at pp. 289, 291–292.) As to the former, it explained that "[a] cause of action to quiet title is clearly not a tort claim, and it does not seek to hold a defendant liable for damages. Rather, 'actions to quiet title, like true declaratory relief actions, are generally equitable in nature.'" (*Id.* at p. 291.) As to the latter, it explained, "[t]he same analysis applies to the . . . claim for cancellation of a written instrument. A claim for cancellation of written instrument is an equitable claim" that "allows a plaintiff to obtain cancellation of an instrument that creates a cloud on the plaintiff's title." (*Id.* at p. 292.) Significantly, however, *Weeden* found the privilege applied to the plaintiffs' claim for slander of title because it was "a tort claim" that "has been held to be subject to a litigation privilege defense." (*Id.* at p. 293.)

Unlike the equitable claims asserted in *Weeden*, plaintiff's claims for invasion of privacy and public disclosure of private fact are both torts. (*Shulman v. Group W Productions, Inc.* (1998) 18 Cal.4th 200, 214.) Moreover, plaintiff cannot avoid the litigation privilege by adding an injunctive relief remedy to a barred tort claim. (See *Rubin v. Green* (1993) 4

19

Cal.4th 1187, 1202-1203 [unfair business practices claim seeking injunctive relief was barred by the litigation privilege because it was based on the same conduct as tort claims that were barred by the privilege].) Thus, plaintiff has failed to show that her tort claims seeking injunctive relief are not barred by the litigation privilege.

## DISPOSITION

The trial court's order granting the anti-SLAPP motion is affirmed. The attorney defendants are entitled to their costs incurred in this appeal.

MOORE, ACTING P. J.

WE CONCUR:

SANCHEZ, J.

DELANEY, J.